The State of Ohio, Appellee, v. McMillion, Appellant.

[Cite as State v. McMillion (1973),
35 Ohio App. 2d 234.]

(No. 73AP-185—Decided July 24, 1973.)

*Mr. George C. Smith*, prosecuting attorney, and *Mr. Miles C. Durfey*, for appellee.

*Mr. Roy F. Martin*, director of The Legal Aid & Defender Society, and *Mr. Richard H. Ferrell*, for appellant.

Strausbaugh, J. This appeal is from a conviction in the Court of Common Pleas of Franklin County for the offense of assault with intent to rob the Borden Burger restaurant, 200 East Fifth Avenue, in Columbus, Ohio, on November 7, 1972.

The case before us is unusual in that it is said to be the first criminal trial to be appealed entirely upon a videotape record.

The testimony before us is that, about noon on the day and place alleged, a man identified as the defendant entered the restaurant holding a small, silver-plated handgun and demanded all the bills from Margaret Smith, the counter girl. When she failed to respond, he repeated

his demand, whereupon she continued to stare at the robber. The robber then swung at Miss Smith, missing her, turned, ran out the door, mounted a bicycle, and pedaled down an alley. After a search of the area, the defendant was apprehended by the police in a residence at 1179 North Grant Avenue.

Defendant's first assignment of error is: "The court erred in denial of a mistrial motion upon introduction over timely objection of evidence indicating the prior criminal involvement of defendant."

The evidence objected to came upon the cross-examination of defendant's witness, an English instructor for Manpower Training, Sarena Holloway, concerning the work that defendant was doing at the school. The witness was asked about defendant's prior education and background. She responded that he had a high school diploma. When asked from what school, she replied she was unsure but thought it was "Lisbon." When asked if "Lebanon" meant anything to her, she replied, "Yes." When asked in what respect she recognized the name, she replied, "Well, it is correctional." She added a word "institution" which was covered up by the loud utterance of defense counsel, "All right. Let's approach the bench. * * *"

On motion for a mistrial, the court held that it was "a proper area of inquiry so far as educational background is concerned. The response by the witness was voluntary."

Had the witness been on direct examination, we could *expect* the examiner for the state to know the answer to be given by a witness. Here, since Lebanon is the name of an Ohio city, the answer which *might* have been given by the witness was, "Defendant graduated from Lebanon High School." However, it would appear that the prosecutor was aware of the answer he would receive from his line of questioning, which we find a very dangerous and unnecessary tack to take, especially in view of the substantial case built by the state against the defendant.

Defense counsel likewise steered a very dangerous course. Inasmuch as there had been several preliminary questions relating to where defendant had graduated from

high school, which was a proper area of questioning, defense counsel should have anticipated the response and objected to the question, the answer to which the defense should have known would be objectionable.

The response of the witness we find to be error, however, we do not find it to be prejudicial. First, there is nothing in the evidence indicating the school was a state facility or that it was penal.

Second, when considered in the light of the great mass of words elicited at the trial, that word "correctional," even followed by the barely distinguishable word "institution," cannot be said to be prejudicial in view of the great weight of testimony brought against the defendant. Even if the jury clearly heard the word "institution," the error would not be prejudicial.

Margaret Smith positively identified the defendant as the person who attempted to hold her up with a small, silver-colored gun.

Tom Lorenn identified the defendant as the holdup man he saw in the parking lot, and later that he stood beside at the counter, during the attempted robbery. He stated that the only way he could be mistaken in his identification was if the defendant had an identical twin.

Robert Matlock, an employee of Borden Burger, testified that he saw the defendant at the counter; that he had known the defendant for a couple of months before because he came to his house on Madison Avenue, with a Freeman Owens, to see his (Matlock's) sister. He stated that he thought the defendant was wearing a wig and lipstick but that he recognized the defendant and that the wig and lipstick did not disguise his appearance.

After viewing and hearing the entire trial, we cannot find that the error in the utterance of the word "correctional" followed by the barely distinguishable word "institution" by the witness for the defendant was prejudicial to the defendant. Defendant's single assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

TROOP, P. J., and WHITESIDE, J., concur.